STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-282

CONTINENTAL WESTERN
INSURANCE COMPANY           )
                            )
                            )
        Plaintiff           )        ORDER
    v.                      )
                            )
MASSACHUSETTS BAY           )                    REC'D CUMB CLERKS OF
INSURANCE COMPANY,          )                    OCT 21 '21 PM2:42
                            )
        Defendant           )
                            )

Before the court is a motion by plaintiff Continental Western Insurance Co. ("Continental Western") for partial summary judgment. Specifically, Continental Western seeks summary judgment on Counts I and III of its complaint. For the following reasons, summary judgment is granted on both counts.

With the record to be considered in the light most favorable to the non-moving party, a motion for summary judgment shall be granted if the filings show no genuine issue of material fact and support entry of judgment as a matter of law. M.R. Civ. P. 56(c); *Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 8, 823 A.2d 540.

In this case it is undisputed that both Continental Western and defendant Massachusetts Bay Insurance Company ("Mass Bay"), at varying times, provided commercial liability coverage, including coverage for property damage, to two insureds, Tra-Mir Properties LLC and Prego LLC. Mass Bay provided commercial liability coverage from sometime in 2004 to September 2009. Continental Western provided commercial liability coverage from mid 2015 to October 2017.

Tra-Mir Properties instituted litigation against Marc Nadeau in York County Superior Court in September 2017. *Tra-Mir Properties LLC v. Nadeau*, CV-17-50. Nadeau thereafter

brought a counterclaim against Tra-Mir and Prego (the "insureds") which included claims of trespass and nuisance. Included in the counterclaim were allegations that the actions of the insureds and their invitees had resulted in damage to Nadeau's lawn, fence, and drainage system. First Amended Counterclaim dated September 26, 2017 ¶¶ 25-26, 31-32. [1] Nadeau alleged that the damage had occurred multiple times every year since 2004. *Id.* The counterclaim sought various forms of relief including monetary damages.

There is no dispute that Continental Western tendered the defense of Nadeau's counterclaim to Mass Bay and requested that Mass Bay reimburse 50% of the defense costs and that Mass Bay declined to do so.

Count I

In Count I Continental Western seeks a determination that the counterclaims filed by Nadeau in triggered a duty to defend on the part of Mass Bay.

To determine whether an insurer has a duty to defend, the court compares the allegations in the underlying pleading (in this case, the amended counterclaim) with the coverage provided in the insurance policy. Only the complaint and the policy are considered in determining whether the insurer has a duty to defend. *Mitchell v. Allstate Ins. Co.*, 2011 ME 133, ¶ 9, 36 A.3d 876. An insurer may have a duty to defend even against a complaint that could not survive a motion to dismiss. *Id.* ¶ 10.

In this case the summary judgment materials contain both the amended counterclaim and the Mass Bay policy. Comparing the policy and Nadeau's allegations shows a duty to defend

---

[1] Nadeau's trespass claim is captioned "trespass by exceeding the scope of the agreement," referring to an agreement between Nadeau and the insureds concerning an area used as a parking lot. However, paragraphs 25-26 and 31-32 of the First Amended Counterclaim allege damage to Nadeau's property and do not depend on the existence of the agreement.

2

existed because Nadeau's counterclaim seeks recovery, inter alia, for "property damage" for which the Mass Bay policy provides coverage.

Mass Bay cites three policy exclusions, but those are insufficient to discharge its duty. The automobile exclusion does not apply to injury caused by the operation of vehicles by guests, as opposed to vehicles operated by employees. Neither the impaired property exclusion nor the contractual exclusion applies to property damage that exists independent of a contract. The other defenses raised by Mass Bay, such as the statute of limitations and its claim that the insureds are not liable for the actions of its guests or invitees, are defenses that could have been raised on behalf of the insureds but do not discharge Mass Bay's duty to defend.

Accordingly, summary judgment is granted as to Count I.

Count III

Count II is a claim for equitable contribution in which Continental Western is seeking reimbursement from Mass Bay for half of the defense costs incurred on the Nadeau counterclaim. On this claim Continental Western has not offered any evidence as to the actual amounts sought and is therefore seeking partial summary judgment only on the issue of Mass Bay's liability for equitable contribution.

The Mass Bay and Continental Western Policies have virtually identical and therefore conflicting "excess insurance" clauses. Conflicting excess insurance clauses are "disregarded as mutually repugnant." *Carriers Ins. Co. v. Am. Policyholders' Ins. Co.*, 404 A.2d 216, 220 (Me. 1979). Where no excess insurance clause is operative, insurers share the cost of loss and/or defense. *Id.* at 221-222; *Home Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 229 F.3d 56, 66 (1st Cir. 2000). Defense costs are apportioned equally. *Home Ins.*, 229 F.3d at 66.

3

Because Mass Bay had a duty to defend, it must pay for the defense. Mass Bay points out that its coverage only applied to the years 2004 – 09 and that Continental Western's policy covered a later time period with no overlap. However, the court has no information on which to divide the costs based on either the time period when the claims allegedly arose or the time period in which the respective insurance policies were applicable. Mass Bay has not offered any evidence to support anything other than an equal apportionment or that would raise a factual dispute as to how the defense costs in connection with the Nadeau counterclaim should be apportioned.[2] Moreover, the Law Court has not instructed on apportioning costs other than equally. As such, partial summary judgment on Count III is granted.

Remaining Claims

Counts II and IV of Continental Western's complaint seek indemnification from Mass Bay for half of the amount paid by the insureds in settlement of Nadeau's counterclaim. Those counts are not the subject of the pending motion and remain to be decided. The amount that Continental Western is entitled to receive on Count III of its complaint – its equitable contribution claim with respect to defense costs – also remains to be determined.

The entry shall be:

The motion by plaintiff Continental Western Insurance Co. for summary judgment as to Count I and partial summary judgment on Count III is granted. The court issues a declaratory judgment that defendant Massachusetts Bay Insurance Company had a duty to defend the amended counterclaim brought in *Tra-Mir Properties LLC v. Nadeau*, CV-17-50 (Superior Court York County). The court grants partial summary judgment on Count III that defendant is liable for one-half of the defense costs incurred with respect to that counterclaim.

---

[2] There appears to have been a time period included in the allegations in Nadeau's counterclaims during which neither Mass Bay nor Continental Western provided coverage. Mass Bay's coverage ended in September 2009. Continental Western's coverage began in October of 2015. Mass Bay has not, however, raised this issue as a possible reason why defense costs should not be equally apportioned.

The clerk is directed to incorporate this order in the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: October **20**, 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 10/21/21

Plaintiff-Liam McCarthy, Esq.
Defendant-Elizabeth Germani, Esq.

5